FOURTH DIVISION
 October 30, 1997 
 


 












No. 1-95-0492

THE PEOPLE OF THE STATE OF ILLINOIS, ) APPEAL FROM THE
 ) CIRCUIT COURT OF
 Plaintiff-Appellee, ) COOK COUNTY
 )
 v. )
 )
LINCOLN JOHNS, ) HONORABLE 
 ) FRED SURIA,
 Defendant-Appellant. ) JUDGE PRESIDING.

 SUPPLEMENTAL OPINION ON REMAND

 JUSTICE McNAMARA delivered the opinion of the court:
 Following a jury trial, defendant, Lincoln Johns, was
convicted of first degree murder and aggravated battery with a
firearm. The trial court sentenced him to consecutive terms of
50 years' and 10 years' imprisonment, respectively, for the two
offenses. On direct appeal, defendant sought a limited remand to
determine whether he was receiving psychotropic medication at any
critical stages of the criminal proceedings where his 
presentence investigative report indicated that he was prescribed
both Thorazine and Haldol while incarcerated awaiting trial, but
did not specify the precise dates when he was receiving the
medication. This court remanded the case for the purpose of
determining the circumstances surrounding defendant's alleged
ingestion of psychotropic medication. This court further ordered
that, if the factual inquiry on remand revealed that defendant
ingested psychotropic medication at the time of his trial or
sentencing, the trial court was to vacate defendant's
convictions, because it would be impossible to conduct a
meaningful fitness hearing retrospectively nunc pro tunc the time
of defendant's original trial. People v. Johns, 285 Ill. App. 3d
849, 674 N.E.2d 882 (1996). In a supervisory order issued on
June 4, 1997, the Illinois Supreme Court denied the State's
petition for leave to appeal but remanded the case for additional
consideration in light of People v. Burgess, 176 Ill. 2d 289, 680
N.E.2d 357 (1997), which was decided after this court issued its
decision. People v. Johns, 173 Ill. 2d 535, 683 N.E.2d 892
(1997). 
 Our prior opinion sets forth in detail the facts adduced at
defendant's trial and sentencing and disposes of any additional
contentions made by defendant on direct appeal. On remand, we
consider only how the supreme court's decision in Burgess impacts
our disposition of defendant's contention concerning his alleged
ingestion of psychotropic drugs. The parties have submitted
additional briefs on the issue. Defendant argues that Burgess
does not require that this court's decision be modified or
reversed because this court has correctly determined that it
would be impossible to conduct a meaningful retrospective fitness
hearing. The State argues, however, that, in light of Burgess,
this court's previous order should be modified to direct that the
cause be remanded for consideration of all the circumstances
surrounding defendant's alleged drug ingestion, and provide that
a retrospective fitness hearing be held and retrospective fitness
finding be entered if warranted.
 In People v. Burgess, the supreme court held that automatic
reversal is not always appropriate where a defendant received
psychotropic drugs during his trial but did not receive a fitness
hearing, and "conclude[d] that retrospective hearings are
sometimes proper." Burgess, 176 Ill. 2d at 304, 680 N.E.2d at
364. In Burgess, the defendant, who was sentenced to death,
argued on appeal that his convictions must be reversed because he
had been taking two types of psychotropic medication during his
trial. During the pendency of the appeal, the supreme court
remanded the cause back to the trial court for the limited
purpose of determining whether the defendant had, in fact,
ingested those types of medications at or near the time of his
trial. The trial court conducted a hearing, during which it was
confirmed by a psychiatrist that the defendant had ingested two
psychotropic agents while on trial. The psychiatrist further
testified, however, that both drugs were taken at night and
neither would have had any effect on the defendant's mental state
during the day. Over the defense's objection, the State called
the defendant's trial counsel as a witness at the hearing. He
testified that he discussed all aspects of the trial with his
client and that the defendant always seemed alert and coherent. 
The trial judge also entered written findings stating that he
presided at trial and sentencing and that, on all occasions, the
defendant appeared alert. The trial judge opined that the drugs
received by the defendant had no effect on his mental 
functioning, moods, or demeanor in the courtroom. 
 The defendant argued to the supreme court that, based on the
evidence confirming that he was taking psychotropic medication
during his trial, he was entitled to a fitness hearing pursuant
to section 104-21(a) of the Code of Criminal Procedure of 1963
(725 ILCS 5/104-21(a) (West 1994)). The defendant further argued
that since he did not receive a fitness hearing at the time of
his trial, he was entitled to a new trial under recent supreme
court cases that have rejected the possibility of retrospective
fitness hearings. See People v. Brandon, 162 Ill. 2d 450, 643
N.E.2d 712 (1994); People v. Gevas, 166 Ill. 2d 461, 655 N.E.2d
894 (1995); People v. Birdsall, 172 Ill. 2d 464, 670 N.E.2d 672
(1996); People v. Nitz, 173 Ill. 2d 151, 670 N.E.2d 672 (1996). 
 The Burgess majority rejected the defendant's argument,
stating:
 "We agree with the State that a rule of
 automatic reversal is not always appropriate. 
 As this case demonstrates, there will be some
 circumstances in which it can be said that
 the use of psychotropic medication did not
 affect the defendant's mental functioning in
 such a way that relief would be appropriate. 
 We are aware that we have previously declined
 to make use of retrospective fitness
 hearings, noting the difficulty in
 determining, long after the conclusion of the
 underlying proceedings, the degree of mental
 functioning enjoyed then by the defendant. 
 [Citations.] Nonetheless, we believe that,
 at least in the present case, there are
 sufficient reasons to depart from our
 previous practice of automatic reversal and
 to make a case-specific inquiry into the
 psychotropic drugs administered to this
 particular defendant." Burgess, 176 Ill. 2d
 at 303, 680 N.E.2d at 363. 
 The court went on to find that the testimony of the
prescribing doctor, the trial judge's observations, and the
defendant's own testimony at trial compelled the conclusion that
he was suffering no impairment as a result of his ingestion of
psychotropic drugs at the time of his trial and sentencing
hearing. Accordingly, the defendant was not entitled to a new
trial based merely upon his act of taking these medications.
 Turning to the present case, we disagree with defendant that
Burgess does not impact our original order. Instead, in light of
Burgess, it becomes clear that we must modify our instructions to
the trial court. As stated in our prior opinion, the record
before us is very unclear as to the circumstances surrounding
defendant's alleged ingestion of psychotropic drugs. The
presentence investigative report stated that defendant claimed to
have been taking Thorazine and Haldol while incarcerated awaiting
trial. The report went on to state that defendant was no longer
taking either drug, but it did not specify when he stopped. 
Also, although he did not request a fitness hearing, defense
counsel referred to defendant's ingestion of "Thorazine and
another drug" during his argument in mitigation at defendant's
sentencing hearing. Defense counsel also stated that defendant
was taking prescription drugs "[e]ven to this day." The record
on appeal is devoid of any further information. 
 We therefore still order a remand so that the trial court
can conduct an inquiry into the factual circumstances surrounding
defendant's asserted psychotropic drug use. Under Burgess,
however, automatic reversal is not required if the trial court's
factual inquiry affirmatively determines that defendant was
taking psychotropic medication at the time of his trial or
sentencing. Instead, the trial court is to determine whether it
would be possible and appropriate to make a retrospective fitness
finding. As the court did in Burgess, the trial court may rely
on testimony by prescribing physicians, defendant's testimony at
trial, the trial court's recollection of defendant's demeanor,
moods, and conduct at his trial and sentencing, and any other
information deemed pertinent by the trial court. Defendant's
convictions shall be vacated only if the trial court determines
that defendant was not fit to stand trial or that it would be
impossible to conduct a meaningful retrospective fitness hearing. 
If, however, the trial court determines that the evidence
available clearly shows that defendant's mental functioning was
not affected or impaired as a result of any ingestion of
psychotropic medication, the court is directed to enter a
retrospective fitness finding, and defendant's convictions and
sentences will stand. Finally, as stated in our prior opinion,
if defendant's convictions are upheld, the trial court is
instructed to correct the judgment order to reflect that
defendant was convicted of one count of first degree murder,
rather than two, and one count of aggravated battery with a
firearm. 
 Remanded with directions.
 ZWICK and LEAVITT, JJ., concur.